(90 South. 802)

**WESTON v. KING. (6 Div. 483.)**

(Supreme Court of Alabama. Oct. 27, 1921).

1. **Judgment** &ograve;684—Ejectment judgment evidence against defendant's lessee of plaintiff's title from commencement of action.

By reason of the privity between lessor and lessee, judgment for plaintiff in ejectment is, in a subsequent action in trespass and trover against him by the lessee of the ejectment defendant, evidence of the ejectment plaintiff's title from the commencement of his action.

2. **Appeal and error** &ograve;909(2)—Ejectment presumed under facts commenced before defendant's lessee took possession, relative to effect of judgment as evidence.

The date when an action in ejectment was commenced, which is the time from which judgment for plaintiff therein evidences his title, not being shown in a subsequent action of trespass and trover against him by the ejectment defendant's lessee, may be assumed to have been prior to delivery of possession to the tenant under his rental contract, in view of the ejectment action having been against the lessor alone, and the fact that the lessee submitted to dispossession by a writ against the lessor alone.

3. **Ejectment** &ograve;114—To prevent crops of defendant's tenant passing with land, bond under statute to delay issuance of writ of possession necessary.

Resort not having been had to the remedy under Code 1907, § 3856, of giving bond for rent, to prevent writ of possession being issued till the end of the year to a successful plaintiff in ejectment, where a crop was growing, the crop passed with the land, and the defendant's tenant, who took possession after the commencement of the ejectment action, may not maintain an action in trespass and trover against the plaintiff in ejectment on account of gathering and converting to his own use the crop planted by the tenant.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by John W. King against A. A. Weston. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Russell & Johnson, of Oneonta, for appellant.

The judgment in ejectment and the writ of possession awarded A. A. Watson had the same effect as to John W. King that it had as to W. J. King. 89 Ala. 329, 6 South. 756, 6 L. R. A. 617; 25 Ala. 126; 4 Ala. 592, 39 Am. Rep. 307; 120 U. S. 337, 7 Sup. Ct. 568, 30 L. Ed. 669; 9 R. C. L. p. 924. Plaintiff was therefore not entitled to recover. 76 Ala. 267; 73 Ala. 252; 120 U. S. 586, 7 Sup. Ct. 689, 30 L. Ed. 734.

Ward, Nash & Fendley, of Oneonta, for appellee.

Counsel discuss the evidence with the insistence that judgment was correct, but cite no authority.

SAYRE, J. Plaintiff (appellee) sued defendant in trespass and trover, and showed that early in 1919 defendant had gathered and converted to his own use crops planted by plaintiff on a certain 40-acre tract in the spring of 1918. Plaintiff further showed that on and before December 23, 1917, his brother, W. J. King, had been in possession of the tract, and in February, 1918, had rented and delivered the tract to him for cultivation during the current year. In March, 1918, plaintiff was called to the military service of the United States and thereupon left the crop in charge of another brother, James King, who continued to cultivate the same to maturity. Plaintiff remained in the army until the spring of 1920. For defendant the evidence showed without conflict that, August 29, 1918, defendant recovered judgment in an action of ejectment against W. J. King for the tract in question, and in September of the same year was put in possession by a writ in the hands of the sheriff; that thereafter, in November, 1918, defendant conveyed the land to one Whited, retaining, however, the right "to enter upon said lands and take therefrom the rents of said crop grown on said lands during the year 1918." Whited remained in possession under his purchase down to the time of the trial.

[1-3] Plaintiff held the land on which the crops were raised in privity with W. J. King, his lessor. The judgment for defendant was evidence of his title from the date of the commencement of the action. Lyons v. Stickney, 170 Ala. 134, 54 South. 496. But that date was not shown. However, from the fact that the action in ejectment was brought against W. J. King alone, and that plaintiff, through his agent in possession in September, 1919, submitted to dispossession by a writ against W. J. King alone, we think it may be safely assumed that the action was

brought prior to the delivery of, possession to plaintiff under his rental contract. On the foregoing assumption, there being no resort by the plaintiff, or his agent in possession, to the remedial provision of section 3856 of the Code of 1907, the crops on the land went with the land, and, under the authority of Carlisle v. Killebrew, 89 Ala. 329, 6 South. 756, 6 L. R. A. 617, and the cases there cited, plaintiff was not entitled to maintain the present action. The court erred in giving the general affirmative charge requested by plaintiff.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.