30 So.2d 731

**KRASNER et al. v. REED.**

**6 Div. 356.**

Court of Appeals of Alabama.

March 11, 1947.

Rehearing Denied April 8, 1947.

D. Krasner and N. Krasner, pro se.

Borden Burr, Jas. R. Forman, Jr., and Benners, Burr, Stokely & McKamy, all of Birmingham, for appellee.

**CARR, Judge.**

The Moss & McCormack Coal Company, which we will designate herein as the company, owned real estate upon which was located a commissary and approximately two hundred dwellings. The commissary was operated by the company as a store and the dwellings were rented by it to its employees for living quarters.

The plaintiff below, appellant here, entered into negotiations with a person who was connected with the company, the purpose of which was to lease the property of the company to the appellant.

We see no reason to go into the details of the negotiations, except to observe that the purported lease contract was to extend for a period of ten years and was to embrace both the commissary and the dwellings.

On the basis of what the appellant claimed to be a valid rental contract with the company, the former instituted a suit against the latter to recover rent on the store building. Following in point of time a few months, appellant also filed separate suits against a number of the tenants, claiming rents for the occupancy of the dwellings.

The first case we have indicated went to final trial in the circuit court and resulted in a judgment in favor of the company.

When the case at bar was called for trial the defendant filed a document which is designated as a motion to dismiss the cause. Omitting formal parts, we quote it:

"Defendants aver that said plaintiffs' sole cause of action in each of these cases arises from and is based solely on a lease contract which they claimed to have made on or about the 1st day of March, 1943, with Moss & McCormack Coal Company, Inc., a corporation, it being claimed that said lease contract leased the property involved in these suits to the plaintiffs, and said Moss & McCormack Coal Company being at all times the owner of said property, Defendants aver that heretofore in this Court in a case wherein the same plaintiffs herein were plaintiffs and Moss & McCormack Coal Company Inc., a corporation, was defendant, said plaintiffs brought suit against the said defendant in which they sought to recover rent for property under the above described lease contract, which is the same contract under which they seek herein to recover from these defendants; and defendants aver that said last mentioned suit was tried in this honorable court and a judgment rendered therein on to wit: March 19, 1945, in favor of the defendant, and that said judgment as thus rendered was based on the ruling made by this Honorable Court that said lease contract was void. Defendants further aver that from said judgment of said court in said suit the plaintiffs therein on, to wit, April 7, 1945,

took their appeal to the Supreme Court of Alabama, and the Supreme Court of Alabama on to wit, Tuesday, November 27, 1945, on motion of said plaintiffs therein and herein, dismissed said appeal. Defendants further aver that the ruling of this court that said lease contract was void and without effect remains unreversed and is in full force and effect.

"Wherefore, defendants aver that the invalidity of said lease contract, which is the sole basis of plaintiff's claim herein against these defendants, has been adjudicated by this Court, and the plaintiffs are estopped by the judgment in said suit from the further maintenance of said suits."

As noted, the instrument is designated a motion to dismiss, but it appears in substance to be a sworn plea of estoppel by judgment or a plea of res judicata. Denton et al. v. Young, 154 Ark. 538, 242 S.W. 801.

No attack of any kind was made against the sufficiency of the allegations of the plea. When the trial judge stated to appellant's counsel that appellee was entitled to have an answer to the plea, the attorney replied orally: "I say that the motion is worthless, he has no facts to submit in support of it."

Under the situation thus presented, the appellant was confronted with the holdings of our courts that if issue is joined on allegations of immaterial matters, if the averments are proven, judgment is due to follow accordingly. Austin v. Clark, 247 Ala. 560, 25 So.2d 415; Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529; Melvin v. Scowley, 213 Ala. 414, 104 So. 817; Empire Guano Co. v. Ellis, 19 Ala. App. 463, 98 So. 38.

At this stage in the proceedings attorney for appellee offered in evidence the entire record in the case against the company, which, as we have stated, had reached final adjudication. No objections were interposed to this tender, nor was there any testimony offered in reply.

The lower court ordered, by judgment entered, that the cause stands dismissed. This action presents the only question for our review.

With evident certainty the court based his decision in the former case on the finding that the claimed lease contract was void and of no effect. The record leads to an inescapable conclusion that the instant case is founded on the identical purported contract. It is further apparent that a recovery by the appellant against the appellee in the case at bar is dependent on the validity vel non of this instrument. The litigation in its inception had for its purpose the determination of the binding effects of the alleged agreement, and this not only with respect to the suit against the company, but those against the tenants as well. The rights of all the parties are interwoven in this claimed agreement and must grow out of and be dependent upon its terms.

The case of Denton et al. v. Young, supra [154 Ark. 538, 242 S.W. 802], is in many aspects similar to the instant inquiry. In the opinion we find: "The judgment in the ejectment suit settled the issue that the appellants were in possession of the land without right. Hence it now appears that since this judgment was brought into the record, the appellants had no cause of action against the appellees because appellants were not in lawful possession of the property and were not unlawfully ousted therefrom."

Following this reasoning, we observe: In the case at bar the judgment in the case tried determined that the appellant could not recover on the purported lease contract, the court there having held that the instrument was void. Since this judgment and the proceedings incident thereto have been brought into this record, the appellants cannot successfully proceed against the appellee because their claimed right grows out of an agreement which the court formerly declared invalid and unenforceable. Schillinger v. Leary, 201 Ala. 256, 77 So. 846; City of Huntsville v. Goodenrath, 13 Ala.App. 579, 68 So. 676.

It is urged that the parties are not identical and therefore the doctrine of estoppel by judgment or res judicata has no application. Clearly, under the undisputed facts, the appellee was in privity with the company, he being in possession of the premises which he occupied as his residence by virtue of the relationship of landlord and tenant. Weston v. King, 206 Ala. 574, 90 So. 802.

■ Aside from this, we entertain the view that the instant case presents a situation that should expand the strict rule which was inherited from a more technical time than ours. Rather our opinion should be rested upon the expedient and practical principle which recognizes that every person has a right and should be given the opportunity to present his claims in our courts, but when once his cause is adjudicated by a court of competent and final jurisdiction this should make an end to the matter. Surely this inures to the decided benefit of both the public and the party litigants.

We are here dealing with fundamental and substantial justice; with that which concerns "public policy and private peace"; with a fair and just application of the maxim: "Interest reipublicæ ut sit finis litium"; with the duty and responsibility of the courts to protect against unnecessary expense and trouble incident to litigation.

Appellants complain, in brief and oral argument, that the action of the lower court in dismissing this cause has deprived them of a substantial right.

■■ We adhere fully to the principle that res judicata is a doctrine of peace which should not be applied to a denial of justice or to deprive a litigant of a righteous claim. However, in the case at bar, we find ourselves forced to the conclusion that the rights of the parties to this cause have been fully and finally adjudicated by a court of competent jurisdiction, and the lower court was not in error in dismissing the case. His judgment is, therefore, ordered affirmed.

Affirmed.