Billy E. Fisher ("Fisher") appeals from a summary judgment in favor of Space of Pensacola, Inc. ("Space"). The trial court granted the motion for summary judgment based on the doctrines of res judicata and collateral estoppel. We reverse.
Fisher and Space were adjoining property owners in Mobile. During 1975 or 1976, Space built a parking lot on its property that allegedly channeled surface waters onto Fisher's property, causing flooding and littering Fisher's property with sediment and debris. In 1981, Fisher sued Steak-One, Inc. ("Steak"), the lessee of Space's property, for (1) breach of its common law duty not to interfere with the natural flow of water onto the lower property; (2) trespass; (3) willful, wanton, or reckless trespass; (4) "continuing nuisance of trespass." Fisher's attorney in the action against Steak was advised that Space had leased the property to Steak. Fisher did not add or substitute Space as a party. The jury returned a verdict in favor of Steak. Fisher then filed suit against Space, using the same theories set forth above. The trial court granted Space's motion for summary judgment, based on Space's argument that Fisher's claims against Space were barred by the doctrines of res judicata and collateral estoppel as a result of the jury verdict entered against Fisher and in favor of Steak in the first action.
Fisher appeals the granting of summary judgment on three grounds:
 1. Under his theory of recovery, the only party who can be held liable is the one who owns the property and constructs the improvements which divert the water.
 2. The second suit was not barred by the doctrine of res judicata because the parties to both suits were not substantially identical and because the same cause of action was not present in both suits.
 3. The second suit is not barred by collateral estoppel because the mutuality requirement was not met, the issues were not identical to the one in the previous suit, and resolution of the issue was not necessary to the prior judgment.
Summary judgment should be granted only when the moving party has shown that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.Missildine v. Avondale Mills, Inc., 415 So.2d 1040 (Ala. 1981). Space did not meet this burden.
Space did not show that it was entitled to prevail on the defense of res judicata. In Wheeler v. First Ala. Bank ofBirmingham, 364 So.2d 1190, 1199 (Ala. 1978), we listed the elements of res judicata:
 "(1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits."
The only issue presented is whether the third and fourth elements of the test have been met.
Space failed to show that the parties to both suits were substantially identical. In determining whether there is substantial identity of parties, the Court must look at not only those who were actual parties but also all persons who are in privity with them, that is, all persons who have a mutual or successive relationship to the same rights of property.Interstate Electric Co. *Page 792 v. Deposit Co. of Maryland, 228 Ala. 210, 153 So. 427 (1934), cited in AAA Equipment Rental, Inc. v. Bailey, 384 So.2d 107
(Ala. 1980).
Space urges this Court to disregard our privity and mutuality requirements in determining whether the parties are substantially identical, since Fisher has had his day in court. We decline to abandon our privity and mutuality requirements. In the alternative, Space argues that we have recognized that a lessor and a lessee are in privity with one another. Krasner v.Reed, 33 Ala. App. 85, 30 So.2d 731 (1947); Weston v. King,206 Ala. 574, 90 So. 802 (1921). Wright and Miller suggest that a landlord and tenant are not in such a relationship that they could bind each other, 18 C. Wright, A. Miller, E. Cooper,Federal Practice and Procedure: Jurisdiction § 4461, at 543-44, n. 3 (1981):
 "`While . . . under some circumstances, the "privity of estate" between landlord and tenant may cause the latter to be bound by prior judgments to which the landlord only was a party, . . . those cases appear to involve only disputes relating to either title to, or right to possession of, real property.' Show-World Center, Inc. v. Walsh, D.C.N.Y. 1977, 438 F. Supp. 642, 648 (per Motley, J.)."
Krasner and Weston were, indeed, cases involving disputes over right to possession of and title to real property. These cases do not persuade us that the landlord-tenant relationship is the kind of "privity of estate" relationship that should, in cases other than possession and title disputes, cause one person to be bound by a prior judgment in which only the other person was a party.
Having found that the parties were not substantially identical, we need not reach the issue of whether the same cause of action was presented in both suits. If one element of res judicata is not met, the doctrine of res judicata is inapplicable.
In addition, a material issue of fact exists as to whether Space was entitled to prevail on the defense of collateral estoppel. In Wheeler, supra, at 1199, we said there were three requirements for collateral estoppel to operate:
 "(1) issue identical to one involved in previous suit; (2) issue actually litigated in prior action; (3) resolution of the issue was necessary to the prior judgment."
Fisher claims that under his theory, the only person who could be held liable is the one who owned the property and constructed the improvements which diverted the water onto his land. Fisher argues that the jury decided Steak was not the owner of the property and that the jury was thus precluded from addressing the other issues presented in the first suits.
 "The first rule for identifying the issues to be precluded is that if there is no showing as to the issues that were actually decided, there is no issue preclusion. The burden is on the party asserting preclusion to show actual decision of the specific issues involved."
18 C. Wright, A. Miller, E. Cooper, supra, § 4420, pp. 184-85.
In Amoco Production Co. v. White, 453 So.2d 358 (Ala. 1984), we held that a ruling by the Choctaw County Circuit Court that the Choctaw County Severance Tax Act was unconstitutional did not preclude litigation of the issue of the constitutionality of the Baldwin County Severance Tax Act. We found that the third requirement, that the resolution of the same issue was necessary to the prior judgment, was not met because the court "did not state the grounds of its decision," and, we noted, "Any of the four grounds alleged by the oil companies in Choctaw County could have supported the judgment, without any determination of the remaining grounds." 453 So.2d at 360.
Little v. Pizza Wagon, Inc., 432 So.2d 1269 (Ala. 1983), was even more similar to the case before us. In Little, the lessor (Little) entered into a lease agreement with Pizza Wagon, with Wolf signing as surety. *Page 793 
The lease agreement contained a "no assignment" provision. Pizza Wagon later assigned its leasehold interest to Adams. Adams assigned the lease to First Southeast Foods, which abandoned the premises. Two suits arose as a result of the lease and assignments. Adams filed suit in federal court against Little, and Little filed suit in state court against Adams, Pizza Wagon, and Wolf. The state court dismissed Little's action against Adams because it should have been asserted in federal court as a compulsory counterclaim. The state court also granted summary judgment in favor of Pizza Wagon and Wolf on the grounds of res judicata and collateral estoppel. We held that the court erred in granting summary judgment, because the jury in the federal court had found only that Adams did not owe Little anything under the terms of the lease. There was no determination of whether Pizza Wagon and Wolf owed Little any obligation under the lease. Since there was an unchallenged assertion that the issues raised by Little against Pizza Wagon and Wolf had never been decided in any court, Pizza Wagon and Wolf were not entitled to summary judgment based on res judicata and collateral estoppel.
In the present case, it is not clear from the general verdict of the jury whether the jury determined that Fisher was not tortiously injured or whether the jury determined that Fisher sued the wrong party. Since the jury may have rendered its verdict in favor of Steak on the basis that Steak was not the party responsible for the damage, Fisher is not estopped from litigating the issue of whether he was tortiously injured by Space.
In light of the above, Space's motion for summary judgment on the grounds of res judicata and collateral estoppel should have been denied.
REVERSED AND REMANDED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.