TORBERT, Chief Justice.
This appeal is a continuation of the litigation which we first considered in Home Indemnity Co. v. Anders, 459 So.2d 836 (Ala.1984) (hereinafter Home I), between the City of Mobile (City), Home Indemnity Company (Home), and numerous property owners in the City of Mobile. The sole question before us is whether the trial court properly granted summary judgment for the City on its claim that the insurance coverage provided by Home, to the City, is coextensive with the City’s liability under Code 1975, § 11-93-2.[1]
Home’s first contention is that the trial court was precluded from ruling on this issue because (1) the issue was pending in another action in federal district court when this action was filed in state court and (2) the federal court decision bars the state court from considering the issue.
*314 Initially, we note that Code 1975, § 6-5-440, was not a bar to the City’s filing a declaratory judgment action in state court after Home had filed an action in federal court. Section 6-5-440 only refers to “no plaintiff [being] entitled to prosecute two actions in the courts of this state at the same time.” The City was not a plaintiff in the federal court action.[2]
Home also contends that the doctrines of res judicata or collateral estoppel precluded the trial court from entering the judgment. The issues decided in federal court were the definition of “occurrence,” as used in the policy, and whether under the policy there was an aggregate limitation on damages resulting from property damage. In Home I, this Court, among other things, defined the word “occurrence” as used in § 11-93-2 and held that there was no aggregate limitation on the recovery for property damage when multiple judgments were entered as a result of a single occurrence. The issue raised in count four of the City’s complaint and decided by the trial court on summary judgment was whether the City’s coverage under the policy was coextensive with its liability under the statute. This precise issue has not been decided in any prior litigation between these parties, and therefore the defense of collateral estoppel (issue preclusion) does not apply. Fisher v. Space of Pensacola, Inc., 461 So.2d 790 (Ala.1984). Furthermore, the defense of res judicata does not apply either, because this claim of coextensive coverage has not been adjudicated in any prior judgment.[3] Id.
The following is the standard for granting summary judgment:
“It is a long-established rule in this state that on motions for summary judgment, the movant has the burden of negating the existence of any issue of material fact; Plant v. Reid, Inc., 365 So.2d 305 (Ala.1978); Worley v. Worley, 388 So.2d 502 (Ala.1980), and if there is a scintilla of evidence supporting the non-moving party, summary judgment is inappropriate. Studdard v. South Central Bell Tel. Co., 856 So.2d 139 (Ala.1978). In determining the existence of genuine issues of material fact, the record must be viewed by this Court in a light most favorable to the non-moving party. Papastefan v. B & L Const. Co., Inc. of Mobile, 356 So.2d 158 (Ala.1978).”
Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784, 786 (Ala.1981).
There is no question that Home and the City disagree as to the extent of the coverage Home’s insurance policy provided the City. It has already been determined that under the insurance policy “each discrete act or omission, or series of acts or omissions, on the part of the City of Mobile which caused ... [damage] ... is a single ‘occurrence’ ” and that Home’s liability for property damage is $100,000 per occurrence. Home Indemnity Co. v. City of Mobile, 749 F.2d 659 (11th Cir.1984). In Home I, we said, “[A]ll injuries that stem from one proximate cause are the result of a single ‘occurrence.’ ” Home I, at 843. Recovery under any judgment for property damage is limited to $100,000 per occurrence. Code 1975, § 11-93-2. Therefore, there is a disparity between the liability to *315 which the City is exposed and the coverage which Home provided. Because the construction of the policy as written has already been conclusively decided in federal court, the only issue open for consideration is whether the policy should be reformed or had been modified so that coverage under the policy is coextensive with liability.
“An insurance policy may be reformed as other instruments.” Highland Underwriters Ins. Co. v. Elegante Inns, Inc., 361 So.2d 1060, 1063 (Ala.1978). Reformation is proper when there was a “prior agreement which the contract, on account of mutual mistake or mistake on one side and fraud or inequitable conduct on the other, failed to express.” Pearson v. Agricultural Ins. Co., 247 Ala. 485, 487, 25 So.2d 164, 166 (1946). There can be no modification of an insurance policy unless both parties have agreed to the modification. 17 G. Couch, Couch on Insurance § 65:3 (2d Rev. ed 1983). Therefore, in order to prove either that reformation was a proper remedy or that there had been a modification, the City had to show that Home had made some sort of agreement other than that provided in the policy itself.[4]
The City attempted to show that there was such an agreement, based upon the statements of James Paulk, an insurance agent. However, a threshold question exists as to whether Paulk had the authority to bind Home by any statement or representation that he made. The evidence presented on this issue consists of a letter signed by Paulk, Paulk’s deposition testimony, an affidavit of Joseph Kasuba, budget officer of the City of Mobile, and the agency agreement between Home and the Cook, Cadden, Fowler, Paulk, Insurance Agency, Inc.
The letter itself does not give any indication of Paulk’s authority. Kasuba, in his affidavit, says that Paulk made certain representations “for Home Indemnity Company,” but that is a mere conclusion and nowhere in the affidavit are there set out any facts that support that conclusion. Paulk’s deposition testimony reveals that Paulk’s best recollection was that there was a written agency agreement, but he was unsure as to the terms of that agreement. He did say that Home retained the right to accept or reject any application for insurance submitted by Paulk. The agency agreement, in fact, has the following provision concerning agent authority:
“I. AUTHORITY OF AGENT
“A. The Agent is an independent contractor and not an employee of the Company, and shall have exclusive control of the conduct of the agency and selection of the companies to be represented.
“B. The Agent is authorized on behalf of the Company, during the term of this Agreement:
“(1) To receive and accept proposals for insurance or bonds covering such classes of risks as the Company may from time to time authorize to be written, subject to such restrictions on binding authority as may be established by the Company;
“(2) To cancel policies and bonds written under this Agreement, and the Agent shall refund to the Company commissions on cancelled policies or bonds and on reductions in premiums at the same rate that commissions were originally retained or paid.”
This provision fails to prove that Paulk had the authority to bind Home under these *316 circumstances. As there is a factual issue concerning the authority of Paulk, summary judgment for the City on the modification and reformation claims was inappropriate.
REVERSED AND REMANDED.
MADDOX, SHORES, BEATTY and ADAMS, JJ., concur.

. See, Home Indemnity Co. v. Anders, 459 So.2d 836 (Ala.1984), for a statement of the facts which gave rise to this litigation.

. Although the City did file a counterclaim in the federal court action seeking a resolution of basically the same issue as involved on this appeal, we are not convinced that this makes the City a plaintiff for the purposes of § 6-5-440. Also, the federal court had already dismissed the second count of Home’s complaint, which sought a resolution of basically the same issue raised in the City’s counterclaim and in this subsequent state court action.

. Res judicata prevents relitigation of claims already adjudicated and claims that could have been adjudicated in the previous litigation. Hester v. City of Birmingham, 402 So.2d 930 (Ala.1981). The basic claim in the federal court litigation involved a question as to which of the varied constructions of the insurance policy was correct. Arguably, any claim that the policy should be reformed or modified to provide coverage coextensive with liability limits under § 11-93-2 should have been brought in the federal court litigation. However, to do so would have required the federal court to construe § 11-93-2, which that court specifically declined to do. Therefore, the claims that the policy should be reformed or modified were not barred by res judicata.

. The City also argues that Home is estopped to argue the lack of any prior agreement. The argument is premised on the idea that Home represented to this Court in Home I that Home had intended to provide coverage coextensive with liability and therefore that Home is bound by that representation. The problem with that argument is that the premise fails. Home did make representations that coverage was related to the liability limits set in § 11-93-2, but not that coverage was coextensive with liability. Our statement in Home I that Home "wrote a policy intended to cover the City for its liability under the statute,” Home I, at 483, acknowledged that there was a relationship between the coverage and the liability limitations of § 11-93-2 and, therefore, that Home had standing to appeal the trial court’s ruling on the definition of “occurrence" as used in § 11-93-2.