This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR FFMLT TRUST 2005-FF2, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-FF2,**

Plaintiff-Appellee,

v.                                                                                    **No. 32,869**

**ROBERT H. PRICE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Rose L. Brand & Associates, P.C.
Eraina M. Edwards
Albuquerque, NM

for Appellee

Eric Ortiz Law
Eric N. Ortiz
Jean Y. Kao
Joseph C. Gonzales
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

**{1}** Defendant Robert Price appeals the district court's dismissal of his undenominated counterclaim against Deutsche Bank National Trust Company (the Bank) for an alleged violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C §§ 2601 to 2617 (2012). We conclude that the district court properly determined that, as a matter of law, the Bank could not be sued pursuant to RESPA under the circumstances of this case. We affirm.

**BACKGROUND**

**{2}** We note that this case has a long and convoluted history. However, because this is a memorandum opinion and the parties are familiar with the facts, we provide limited background information only to the extent that it is required to place our discussion in context.

**{3}** Defendant executed and delivered a mortgage note for the at-issue mortgage in 2004 payable to First Franklin Financial Corporation. In 2008 First Franklin Financial Corporation assigned the note and mortgage to the Bank, which then became the owner and holder of the note and mortgage. First Franklin Home Loan Services (Franklin) remained the loan servicer until October 2010. *See* 12 U.S.C. § 2605(i)(2), (3) (stating that a servicer is the entity responsible for "receiving . . . scheduled

periodic payments from a borrower . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan").

{4}     In October 2008, the Bank filed a complaint for foreclosure against Defendant based on Defendant's failure to pay his mortgage. Defendant filed an answer to the Bank's complaint for foreclosure that included, among other things, an allegation Defendant was never given notice that the note and mortgage was transferred to another lender or lien holder "as required by [l]aw." The Bank understood Defendant's answer to its complaint to have included an "undenominated counterclaim," and it filed a reply accordingly.

{5}     In June 2012, the district court granted the Bank's motion for a judgment on the pleadings as to all of the allegations set out in the Bank's complaint. In light of Defendant's counterclaim, however, the court determined that it would not enter a judgment of foreclosure at that time. Several months later, in December 2012, the district court issued a pretrial order stating the general nature of the claims of the parties and stating the four contested facts and one contested issue of law that were to be the subject of a February 2013 trial. The pretrial order stated that the general nature of Defendant's claim was that the Bank "failed to comply with RESPA . . . when it failed to note that the debts were disputed and, when it gave false information

3

pursuant to a [q]ualified [w]ritten [r]equest and when it failed to fully answer the [q]ualified [w]ritten [r]equest." *See* 12 U.S.C. § 2605(e)(1)(B) (stating that a "qualified written request" in the context of RESPA is "a written correspondence . . . that includes, or otherwise enables the [loan] servicer to identify, the name and account of the borrower; and . . . includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower").

{6}     The district court scheduled a non-jury trial on Defendant's counterclaim to be held on February 11, 2013. Before trial commenced, the Bank objected to the admission of Defendant's exhibits and argued that Defendant's counterclaim should be dismissed. Specifically, the Bank argued that, from Defendant's proposed exhibits, it was clear that Defendant intended to use them to support a RESPA claim. The Bank argued that RESPA only applies to loan servicers, and because the loan servicer was not a party in the lawsuit, any alleged RESPA violations were not properly before the court. The district court summarized its understanding of the Bank's argument by stating that the core issue was whether there was "a proper party before the court as to which RESPA would apply."

{7}     The district court reviewed the exhibits that Defendant sought to introduce. Among them was a letter to which Defendant referred as a "qualified written request"

from Defendant to Bank of America dated October 20, 2009, and a response from Bank of America to Defendant dated November 2, 2009. Defendant's "qualified written request" to Bank of America was sent approximately one year before Bank of America became the servicer of the at-issue loan (in October 2010). Bank of America's response to Defendant's October 20, 2009, letter referenced a loan that Defendant had with Bank of America in 2000 and that he paid off in 2002.

{8} Also among the exhibits was a November 3, 2009, letter from Franklin to Defendant responding to an inquiry (presumably the same or a similar qualified written request as that which was sent to Bank of America) from Defendant. The November 3, 2009, letter from Franklin to Defendant referred to the loan at issue in the present case and indicated, in what the district court described as "no uncertain terms," that Franklin was the then-current loan servicer. Franklin is not a party in the lawsuit.

{9} In response to the Bank's argument, Defendant argued that his exhibits should be admitted and that his claim was viable because Bank of America was an agent of the Bank. As such, Defendant argued the Bank was liable for a RESPA violation committed by Bank of America. In Defendant's view, Bank of America violated RESPA when it responded to Defendant's October 20, 2009, letter because "[b]y basically sending this letter it's confusing to the borrower. It makes it look like Bank

of America is a loan servicer. In addition[,] it seems to provide faulty information. What should have been provided was merely that Bank of America was not the servicer on this particular loan."[1]

{10}   Having heard the parties' respective arguments and having reviewed Defendant's proposed exhibits, the court ruled that Defendant's exhibits did not support his RESPA-based counterclaim and were therefore inadmissible on that issue. The district court concluded that Defendant had failed to support his counterclaim with admissible evidence. In stating its ruling, the court noted that there were a number of problems with Defendant's argument, "[f]irst and foremost" of which was that Franklin was the only entity against which a RESPA claim could be brought, and it is not a party. The court concluded that, as a matter of law, a RESPA claim could not be made against the Bank. Additionally, the court ruled that the three-year statute of limitations within which Defendant could have brought a RESPA claim against Franklin had expired in November 2012, and it was, therefore, too late to join Franklin as a party. Accordingly, the district court dismissed Defendant's undenominated counterclaim with prejudice.

---

[1] Defendant did not specify what subsection of RESPA was allegedly violated.

{11}     In light of its dismissal of Defendant's counterclaim and its earlier order granting the Bank's motion for a judgment on the pleadings as to its complaint for foreclosure, the district court entered a decree of foreclosure in April 2013.

{12}     On appeal Defendant argues that the district court erred in excluding his exhibits and dismissing his counterclaim. In several subpoints, Defendant argues that (1) he was pursuing his RESPA claims against the Bank under an "agency theory," namely, that the Bank, as a principal, was liable for the alleged RESPA violation committed by its agent, Bank of America; (2) his exhibits were relevant and admissible; (3) he brought his RESPA claim against the Bank within the statute of limitations; (4) the district court erred in dismissing his counterclaim for lack of evidence; and (5) the court erred in dismissing "counterclaims against all other loan servicers" based on a finding that the statute of limitations for a RESPA claim against them had expired "when they were not even parties to the lawsuit."

{13}     We conclude that Defendant's arguments do not demonstrate that the district court erred in excluding Defendant's exhibits or dismissing his counterclaim. Accordingly, we affirm the district court's judgment.

**DISCUSSION**

**Standard of Review**

**{14}** At the February 11, 2013, hearing, the Bank made an oral motion to dismiss Defendant's counterclaim on the ground that there was no proper party before the court as to which RESPA would apply. The district court did not state the procedural ground upon which it dismissed Defendant's counterclaim. Defendant proposes that the court dismissed his counterclaim pursuant to Rule 1-041(B) NMRA. Rule 1-041(B) provides, in relevant part, that "in an action tried by the court without a jury, [after the plaintiff] has completed the presentation of evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief." Here, the district court reviewed and considered the parties' arguments concerning Defendant's documentary evidence before ruling that it was inadmissible. The issue before the court based on the Bank's dismissal request was whether the Bank could be held liable pursuant to Defendant's RESPA theory. That issue was argued by both parties before the district court ultimately dismissed Defendant's counterclaim. The court stated its rationales underlying the dismissal on the record. The merits of whether Defendant stated a claim was, in essence, "tried by the court[.]" *Id.* Thus, Defendant's view that the district court's dismissal was grounded in Rule 1-041(B) is not unreasonable.

**{15}** In our view, however, the district court's order is more appropriately reviewed as an order granting summary judgment in favor of the Bank. After hearing arguments

8

on the issue of the lack of a proper counterdefendant, the district court concluded that, as a matter of law, Defendant could not sue the Bank for an alleged violation of RESPA. In concluding that the counterclaim should be dismissed, the court obviously reasoned that Defendant's proffered documentary evidence did not, as a matter of law, support a claim that RESPA applied to the Bank, and therefore, the documentary evidence was not admissible to support the claim. The court essentially determined that Defendant failed to state a claim against the Bank on which relief could be granted taking the documentary evidence into consideration, thus turning the evidence into a summary judgment proceeding. *See Tunis v. Country Club Estates Homeowners Ass'n, Inc.*, 2014-NMCA-025, ¶ 17, 318 P.3d 713 (stating that "where matters outside the pleadings are considered on a motion to dismiss for failure to state a claim" the appellate court will treat the district court's ruling as a summary judgment (alteration, internal quotation marks, and citation omitted)).

{16} As a practical matter under the circumstances of this case, it is of no consequence whether we treat the district court's order as a summary judgment or as an involuntary dismissal under Rule 1-041(B). Because the relevant facts were not in dispute and the district court entered judgment as a matter of law, we would apply a de novo review regardless of whether we were to construe the ruling as a Rule 1-041(B) dismissal or a summary judgment. *Fowler Brothers, Inc. v. Bounds*, 2008-

NMCA-091, ¶ 7, 144 N.M. 510, 188 P.3d 1261 (stating that in reviewing an involuntary dismissal pursuant to Rule 1-041(B), we apply a de novo standard of review to the district court's determination of the applicable law and its application of the law to the facts); *Estate of Haar v. Ulwelling*, 2007-NMCA-032, ¶ 10, 141 N.M. 252, 154 P.3d 67 (stating that we review the district court's decision to grant summary judgment de novo). Nevertheless, because we conclude that the district court's order is more appropriately viewed as a summary judgment, we review it accordingly.

{17}     "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Montgomery v. Lomos Altos, Inc.*, 2007-NMSC-002, ¶ 16, 141 N.M. 21, 150 P.3d 971 (internal quotation marks and citation omitted). A district court's decision to exclude evidence, including a decision made at the summary judgment stage, is reviewed for an abuse of discretion. *Flagstar Bank, FSB v. Licha*, 2015-NMCA-__, ¶ 20, __ P.3d__ (2015 WL 730063) (No. 33,150, Feb. 18, 2015).

**Defendant's Arguments**

{18}     Defendant's primary argument is that he "was pursuing a RESPA claim against [the Bank] based upon an agency theory." Based on Defendant's arguments in the district court as discussed in the background section of this Opinion, we understand Defendant's argument to be that his "RESPA claim" was premised on Bank of

10

America's failure to "respond adequately" to his October 20, 2009, qualified written request. Defendant argues that an agency relationship existed between the Bank and Bank of America such that Defendant could sue the Bank for an alleged RESPA violation that was committed by Bank of America. Defendant argues that he intended to prove the agency relationship between the Bank and Bank of America by using his proposed exhibits and that by ruling that his exhibits were inadmissible, the district court erroneously deprived him the opportunity to present his legal theory at trial.

{19}     As noted in the background section of this Opinion, when Defendant sent a "qualified written request" to Bank of America on October 20, 2009, Bank of America was not the servicer of the at-issue loan. RESPA applies only to loan servicers. *In re Madera*, 363 B.R. 718, 731 (Bankr. E.D. Pa. 2007). Thus, even were we to assume that Defendant's exhibits could have established that an agency relationship existed between the Bank and Bank of America, Bank of America was not the servicer of the at-issue loan at the time of the qualified written request and, therefore, cannot have been the subject of Defendant's RESPA claim.

{20}     Furthermore, Defendant fails to show any legal or factual basis that would support going to trial on his theory that Bank of America is liable under RESPA for responding to Defendant in what he argues was a "confusing" manner. In addition, Defendant provides no argument or authority supporting his claim that the Bank is

somehow responsible in the status of principal under a claim that Bank of America was its agent.

**{21}** In dismissing Defendant's counterclaim, the district court observed that "Bank of America was not the loan servicer on [the at-issue loan] at the time of [Defendant's] letter[,]" and therefore, it was not "the party against whom a RESPA claim would arguably lie." Because we agree with the district court's conclusion, and because Defendant has failed to provide any argument or authority to support a contrary position or any viable theory of liability, Defendant provides no basis for reversal. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (recognizing that the appellate courts will not consider an issue in the absence of supporting authority and will assume no such authority exists).

**{22}** Defendant also argues that his exhibits were "highly probative in determining [Defendant's] claims against [the Bank,]" and because the Bank "never raised the issue of any prejudice[,]" the district court erred in ruling the exhibits inadmissible. Defendant fails to provide any analysis or authority to demonstrate how his exhibits were at all relevant to his RESPA claim against the Bank. Accordingly, we cannot conclude that the district court abused its discretion in failing to admit them. *See* Rule 11-402 NMRA ("Irrelevant evidence is not admissible."); *see also Headley v. Morgan*

12

*Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court will not review unclear or undeveloped arguments).

{23}     Defendant argues further that the district court "erred by dismissing [his] RESPA claim against [the Bank] without accepting his factual allegations that the statute of limitations had not run." The district court determined that, as a matter of law, Defendant could not sue the Bank pursuant to RESPA under the circumstances of this case. Defendant does not provide any argument or authority to demonstrate that the court erred in that determination. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2 (recognizing that the appellate courts will not consider an issue in the absence of supporting authority and will assume no such authority exists). Thus, we conclude that any question of when Defendant's RESPA claim against the Bank was filed has no bearing on the issue whether the district court properly dismissed Defendant's claim.

{24}     Defendant also argues, without citing any authority or providing any record citations in support of his argument, that the district court "erred by dismissing [Defendant's] claim that [the Bank] violated federal law with respect to proper notice and disclosure requirements." Defendant's vague reference to the Bank's alleged violation of "federal law" presented without a citation to any specific federal law and without an explanation of how the Bank violated the unspecified law does not facilitate review of the issue. We decline to consider this argument. *See Headley*,

13

2005-NMCA-045, ¶ 15 (stating that this Court will not review unclear or undeveloped arguments).

**{25}** Finally, Defendant argues that the district court erred by making "a declaratory judgment on behalf" of loan servicers who were "non[-]parties to this suit." Defendant also appears to argue that the district court erred by dismissing "counterclaims against all other loan servicers when they were not even parties to the lawsuit." Defendant's argument is presented without citations to the record. *See* Rule 12-213(A)(4) NMRA (requiring an appellant to provide record proper citations in support of each argument). Nevertheless, we construe Defendant's argument to be a reference to the district court's observation that Defendant, having failed to amend his complaint to join Franklin as a party, could not do so by the time of the February 2013 hearing because the statute of limitations had expired in October 2012.

**{26}** Since this was not a declaratory judgment action, and since Franklin was not a party in this case, we see no basis on which to conclude that the district court's observations regarding Franklin constituted a "declaratory judgment" or a "dismissal" affecting Franklin or any other servicer. *See, e.g.*, NMSA 1978, § 44-6-12 (1975) (stating that in a declaratory judgment action "all persons shall be made parties who have or claim any interest which would be affected by the declaration").

**Summary**

14

**{27}** We conclude that Defendant failed to demonstrate that the district court erred in excluding his exhibits. We further conclude that Defendant failed to demonstrate that the district court erred in determining that as to Defendant's counterclaim, the Bank was entitled to judgment as a matter of law. *Montgomery*, 2007-NMCA-002, ¶ 16 ("Summary judgment is appropriate where . . . the moving party is entitled to judgment as a matter of law." (internal quotation marks and citation omitted)).

**CONCLUSION**

**{28}** We affirm.

**{29}** **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**