755 P.2d 75

**Minnie REEVES, Plaintiff–Appellant,**

v.

**James L. WIMBERLY,
Defendant–Appellee.**

**No. 10027**

Court of Appeals of New Mexico.

April 28, 1988.

Richard A. Hawthorne, Ruidoso, for plaintiff-appellant.

S. Thomas Overstreet, S. Thomas Overstreet, P.C., Alamogordo, for defendant-appellee.

## OPINION

DONNELLY, Chief Judge.

Plaintiff Minnie Reeves appeals from a judgment and order of the district court granting defendant James L. Wimberly's motion to dismiss and motion for summary judgment. On appeal, Reeves raises the following issues: (1) whether sufficient privity exists between a lessor and a lessee to permit application of collateral estoppel to bar relitigation of the issue of a lease extension; and (2) whether Reeves' complaint properly alleged a cause of action against Wimberly for conspiracy to defraud. We affirm.

Reeves leased a trailer court and residential property located in Lincoln County from Ira J. Miller. By exercising certain lease options and entering into a series of supplemental letter agreements, Reeves extended the lease until September 30, 1985. Thereafter, a dispute arose between Reeves and Miller as to whether the parties agreed to extend the terms of the lease. Reeves claimed that Miller agreed to a two-year extension of the lease, so that the lease would finally expire in 1987. Reeves further alleged that, after the extension had been agreed upon, Wimberly approached her and agreed to purchase her leasehold interest in the land for $35,000. Reeves contends that despite this agreement, Wimberly and Miller met and agreed that Wimberly would lease the premises from Miller commencing October 1, 1985. Reeves asserts that the latter agreement was reached despite Miller's prior agreement to extend Reeves' lease until 1987, and in contravention of Wimberly's agreement that he would purchase her leasehold interest.

When Reeves' lease expired in 1985, she refused to surrender the premises and Miller filed an action in forcible entry and unlawful detainer. Miller prevailed in that action; the district court found that negotiations between Miller and Reeves never culminated in an agreement to extend the lease to 1987. The district court also awarded Miller damages and possession of the property.

In April of 1986, Reeves filed suit in the present action against both Miller and Wimberly, alleging that they conspired to defraud her and that because she had relied upon their oral representations, she had not obtained a written extension of her lease. In response, both Miller and Wimberly filed motions to dismiss and for summary judgment.

The district court granted Miller's motion for summary judgment based on the defense of res judicata and collateral estoppel. Wimberly was granted summary judgment for the following reasons: Reeves' asserted cause of action depended upon a factual determination that Miller agreed to a valid extension of the lease; the district court in the prior action determined that there had been no lease extension, and because Wimberly was in privity with Miller, collateral estoppel prevented relitigation of that issue. Alternatively, the district court determined that the complaint failed to state a claim upon which relief could be granted.

## APPLICATION OF COLLATERAL ESTOPPEL

Reeves contends that the trial court erred in applying the doctrine of collateral estoppel. Collateral estoppel works to bar the relitigation of ultimate facts or issues actually and necessarily decided in the prior suit by a valid and final judgment. *Torres v. Village of Capitan*, 92 N.M. 64, 582 P.2d 1277 (1978); *City of Santa Fe v. Velarde*, 90 N.M. 444, 564 P.2d 1326 (1977). The purpose of collateral estoppel is to prevent endless relitigation of the same issues under the guise of different causes of action. *Adams v. United Steelworkers of Am.*, 97 N.M. 369, 640 P.2d 475 (1982);

*Torres v. Village of Capitan*. Traditionally, in order for collateral estoppel to exist, there must be two different causes of action in which an ultimate issue or fact actually and necessarily decided in the previous litigation is found to constitute a conclusive bar to the parties and their privies in the subsequent cause of action. *Torres v. Village of Capitan; City of Santa Fe v. Velarde*. The reason for requiring the same parties is the doctrine of mutuality. The doctrine of mutuality prevents a litigant from invoking the conclusive effect of a judgment unless he would have been bound in the event that the judgment had been decided adversely. *Edwards v. First Federal Savings & Loan Ass'n*, 102 N.M. 396, 696 P.2d 484 (Ct.App.1985).

The doctrine of collateral estoppel or issue preclusion differs from res judicata. *Torres v. Village of Capitan*. Collateral estoppel applies to identical issues in two suits where the same parties or parties in privity are involved in both actions even though the subject matter in the second action differs from the first. *Id.*

The doctrine of collateral estoppel, similar to res judicata, is a measure grounded upon enforcement of judicial economy and designed to bar relitigation of ultimate facts or issues actually and necessarily decided in a prior suit in which the decision is final. *Silva v. State*, 106 N.M. 472, 745 P.2d 380 (1987); *International Paper Co. v. Farrar*, 102 N.M. 739, 700 P.2d 642 (1985). In order to invoke collateral estoppel a party must establish the existence of four elements: (1) the parties are the same or in privity with the parties in the original action; (2) the subject matter or cause of action in the two suits are different; (3) the ultimate facts or issues were actually litigated; and (4) the issue was necessarily determined. *International Paper Co. v. Farrar; Torres v. Village of Capitan*.

Reeves argues that Wimberly is not in privity with Miller and therefore should be precluded from asserting the bar of the prior judgment defensively against Reeves. Reeves relies on *Montana v. United States*, 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.

2d 210 (1979), which held that the United States was collaterally estopped from challenging a prior judgment against a contractor, in which the United States directed and financed the litigation, which had been brought by the contractor. Reeves' reliance upon *Montana* is misplaced. The latter case is distinguishable both factually and legally from the instant case; nothing in *Montana* relates to the principal issue asserted herein, i.e., whether collateral estoppel may properly be asserted by a lessee of real estate against a plaintiff who originally engaged in litigation with the lessor involving the leasehold property or related issues.

█ The issue of whether a lessee of realty has sufficient privity in order to assert the defense of collateral estoppel against a party who has previously litigated matters involving the right to possession of realty is a first impression issue in this jurisdiction. In *Myers v. Olson,* 100 N.M. 745, 676 P.2d 882 (1984), our supreme court held that a grantee in privity with a grantor of realty may assert the defense of res judicata involving a judgment in the grantor's favor, provided the judgment had been rendered prior to the conveyance of the property. Similarly, we adopt the rule that a lessee is in privity with his lessor so as to entitle the lessee to raise the defense of collateral estoppel against the plaintiff if the lessee took possession of the leasehold property after the commencement of the first suit, and with actual or constructive notice of the pendency of the initial action. *See Fisher v. Space of Pensacola, Inc.,* 461 So.2d 790 (Ala.1984); *Weston v. King,* 206 Ala. 574, 90 So. 802 (1921); *Missouri Pac. R.R. v. McGuire,* 205 Ark. 658, 169 S.W.2d 872 (1943); *see also Krasner v. Reed,* 33 Ala.App. 85, 30 So.2d 731 (1947).

Our supreme court has adopted the modern view of mutuality, dispensing with the "same parties" requirement of collateral estoppel. In the case of *Silva,* the court held that:

[T]he doctrine of defensive collateral estoppel may be applied when a defendant seeks to preclude a plaintiff from relitigating an issue the plaintiff has previously litigated and lost regardless of whether defendant was privy to the prior suit; and that the doctrine of offensive collateral estoppel may be applied when a plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully regardless of whether plaintiff was privy to the prior action.

*Id.* 106 N.M. at 476, 745 P.2d at 384.

█ Thus, the court eliminated the traditional rule that the parties must be the same or in privity if the doctrine of collateral estoppel is to apply. "In place of the traditional rule, New Mexico now applies the modern rule typified by *Parklane Hosiery v. Shore* [439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) ]." M.E. Occhialino, *Walden's Civil Procedure in New Mexico,* Res Judicata and Collateral Estoppel at 12–40 (2d ed. 1988); *Silva v. State.* Collateral estoppel may now be used to preclude relitigation of an issue if the party against whom it is to be applied was a party or in privity with a party in the earlier suit and had a full and fair opportunity to litigate this issue in that earlier action. *See Id.* The party seeking application of the doctrine does not have to have been a party, or in privity with a party, to the previous action.

█ A limitation on the use of offensive or defensive collateral estoppel exists, however, where the record is insufficient to determine what issues were actually and necessarily determined by the prior litigation. *See Howell v. Anaya,* 102 N.M. 583, 698 P.2d 453 (Ct.App.1985). Moreover, a further limitation exists where the party against whom collateral estoppel has been asserted has not been found to have had a full and fair opportunity to litigate the issue in the first action. Determination of whether a party has had a full and fair opportunity to litigate the issue is ordinarily left with the trial court which has the best opportunity to make such a decision. *Silva v. State.*

█ Collateral estoppel should be applied only where the trial judge determines that its application would not be fundamentally unfair. The party against whom it is in-

voked must have had a full and fair opportunity to litigate the issue or issues. *Silva v. State.*

The movant invoking collateral estoppel has the burden to introduce sufficient evidence for the court to rule whether the doctrine is applicable. *Silva v. State; International Paper Co. v. Farrar.* Once the movant has made a prima facie showing, the trial court must consider the countervailing equities that include, but are not limited to, prior incentive for vigorous defense, inconsistencies, procedural opportunities, and inconvenience of forum. *Silva v. State.*

Based on *Silva*, the argument for the propriety of the assertion of the bar of collateral estoppel turns not on the determination of whether Wimberly was in privity with Miller, since *Silva* dispenses with the mutuality requirement, but instead on whether Reeves had a full and fair opportunity to litigate the issues of the lease extension. Further, the issues must have been determined by the prior litigation, and the prior decision must be final. *See Edwards v. First Federal Savings & Loan Ass'n.*

In the prior action involving Reeves and Miller, the court found that the lease between Reeves and Miller was never extended beyond September 30, 1985. After the period of the claimed extension of the lease, Reeves asserted that she and Wimberly entered into an agreement wherein he would purchase her leasehold interest. Reeves contends that it was the lease extension, the agreement between herself and Wimberly, and the agreement between Wimberly and Reeves which demonstrated her contention that a conspiracy to defraud existed. Wimberly claimed that he was in privity with Miller regarding the lease and therefore, under the doctrine of collateral estoppel, Reeves was not entitled to relitigate the validity of the extension. The trial court, in dismissing Reeves' action herein, considered the arguments, pleadings and the record in both the conspiracy to defraud cause and the earlier forcible entry and unlawful retainer cause. Under the record herein, Wimberly met his burden

of introducing evidence to show that collateral estoppel was applicable.

The elements required to state a cause of action for civil conspiracy are (1) a conspiracy existed; (2) wrongful act(s) were done pursuant to that conspiracy; and (3) damages resulted from the act(s). *Las Luminarias of the New Mexico Council of the Blind v. Isengard,* 92 N.M. 297, 587 P.2d 444 (Ct.App.1978). Civil conspiracy is not of itself actionable; the gist of the action is the damage arising from the act(s) done pursuant to the conspiracy. *Id.; Barber's Super Markets, Inc. v. Stryker,* 84 N.M. 181, 500 P.2d 1304 (Ct.App.1972).

Reeves' complaint for civil conspiracy to defraud prays for damages of $35,000 for the loss she alleges she suffered because she could not sell the extended lease and for $150,000 in punitive damages for intentional, malicious, and wanton disregard of her property rights in that extension. Reeves' claimed damages are based upon the validity of the lease extension. Thus, the issue of whether the lease was extended is common to both proceedings.

We look next to the issue of whether Reeves had a full and fair opportunity to litigate the issue of the claimed lease extension to 1987. The trial court stated that the common subject matter of Reeves' claim against Wimberly and Miller and her defense in the earlier forcible entry and unlawful detainer was the alleged extension of the lease to 1987. Reeves was a party to the earlier action wherein the court found that the lease was never extended beyond such time. In the present case, involving allegations of conspiracy to defraud, the court, in its order and judgment as to Wimberly, stated that it considered "the arguments, pleadings and the record in this cause and in cause number CV 85–366" (the earlier forcible entry and unlawful detainer cause). Because the only issue in the prior case was whether the lease had been extended, we hold that ample opportunity and incentive were afforded Reeves to fully litigate the issue.

Although the record in the prior proceeding was presented to the trial

court, it was not made part of the record in the appeal before this court. It is the burden of the appellant to bring up a record sufficient for review of the issues she raises on appeal. *State v. Padilla*, 95 N.M. 86, 619 P.2d 190 (Ct.App.1980). Since the transcript of proceedings from the earlier action in forcible entry and unlawful retainer is not before this court, we will resolve all inferences concerning the sufficiency of the evidence in favor of the trial court's ruling in the instant case. *See In re Skarda's Will*, 88 N.M. 130, 537 P.2d 1392 (1975). Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered. *Hort v. General Elec. Co.*, 92 N.M. 359, 588 P.2d 560 (Ct.App.1978).

We also examine whether the issue of the lease extension was actually and necessarily determined by the prior action. The court in the earlier proceeding found that the lease was terminated on September 30, 1985, and was not extended beyond that date. This determination came after a trial on the merits. In the prior proceeding, the trial court expressly determined that Reeves did not have a valid leasehold interest in the property. Thus, the issue of lease extension was actually and necessarily determined in the prior litigation.

After Wimberly presented a prima facie case indicating his right to rely upon the bar of collateral estoppel, the record supports the inference that the trial court considered the countervailing equities of the parties herein, including, but not limited to, prior incentive for vigorous defense, inconsistencies, procedural opportunities, and inconvenience of forum. *Silva v. State*. We find no error in the trial court's determination of these issues.

In both the prior action and the instant case, there was no issue as to inconvenience of the forum, since both suits were heard in the Lincoln County district court. In the first suit, for unlawful detainer and forcible entry, Reeves clearly had an incentive for vigorous defense, which was the

prevention of the termination of her leasehold interest. Finally, the second action did not afford Reeves any procedural opportunities unavailable to her in the first action that could readily have caused a different result regarding the common issue of the lease extension. The mere addition of Wimberly as a party in the second suit did not provide Reeves with any procedural opportunities involving the issue concerning the alleged lease extension.

The trial court was correct in its application of collateral estoppel as to the issue of whether the lease was extended. Because the claim brought by Reeves against Wimberly depends for its viability upon the validity of the extension, once the lease is determined not to have been extended, the claim for civil conspiracy to defraud must fail because there are no damages.

The decision of the trial court is affirmed. Wimberly is awarded his costs on appeal.

IT IS SO ORDERED.

ALARID and MINZNER, JJ., concur.