# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**P. J. MILETA and WENDY MILETA,**

Plaintiffs-Appellants,

v.  **NO. 28,918**

**ROBERT R. JEFFRYES,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Sam B. Sanchez, District Judge**

Kelley Law Offices
Cody K. Kelley
Albuquerque, NM

for Appellants

Robin C. Blair
Raton, NM

for Appellee

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiffs appeal from the district court's judgment as a matter of law in favor of Defendant on Plaintiffs' claims and in favor of Defendant on his counterclaim. We

issued a notice of proposed disposition proposing to affirm, and Defendant filed a timely memorandum in support. Pursuant to an extension, which Defendant opposed, Plaintiffs filed a timely memorandum in opposition. After considering the arguments raised by the parties in their memoranda and remaining unpersuaded, we affirm the district court's judgment.

**Directed verdict**

Plaintiffs contend that the district court erred by granting directed verdict in favor of Defendant on Plaintiffs' claims for fraudulent misrepresentation, breach of contract, breach of an implied contract of good faith and fair dealing, violation of the Unfair Trade Practices Act, and prima facie tort. [MIO 4-8; DS 3, 4-5] We agree with Plaintiffs that directed verdict is only warranted when it is clear that "the facts and inferences are so strongly and overwhelmingly in favor of the moving party that the judge believes that reasonable people could not arrive at a contrary result." [MIO 2] *Melnick v. State Farm Mut. Auto. Ins. Co.*, 106 N.M. 726, 729, 749 P.2d 1105, 1108 (1988). We resolve "[a]ny conflicts in the evidence or reasonable interpretations of the evidence . . . in favor of the party resisting the directed verdict." *Sunwest Bank of Clovis, N.A. v. Garrett*, 113 N.M. 112, 115, 823 P.2d 912, 915 (1992).

In support of their contention that the district court erred in granting a directed verdict in Defendant's favor, Plaintiffs claim that they testified that Defendant

2

represented that the house would not cost over $300,000 to build, and Defendant admitted that he never disclosed to Plaintiffs what his costs would entail in a "meaningful fashion." [MIO 3-4] Plaintiffs also contend that they presented "circumstantial evidence" which "tended to show" Defendant used Plaintiffs' money to pay bills and fund other projects. [MIO 4] They also claim that they introduced evidence regarding the amounts Plaintiffs paid to Defendant, Defendant's alleged failure to pay bills in a timely manner, Plaintiffs' reliance on Defendant's representations, and the damages they suffered. [MIO 4-5] They claim that they testified as to the terms of the oral construction contract between the parties, their understanding of the agreement, and Defendant's unfair treatment of Plaintiffs and his breach of the terms of the contract. [MIO 5-8]

In our previous notice, we observed that Plaintiffs had failed to provide a review of the evidence introduced at trial by Defendant in support of the district court's decision. *See* Rule 12-208(D)(3) NMRA; *Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) (stating that the docketing statement must set forth evidence that supports the lower court's ruling). We assumed that Defendant cross-examined Plaintiffs' witnesses and possibly introduced exhibits as a part of that cross-examination. For example, we questioned whether Defendant introduced evidence showing that he was relieved of further performance on the contract between

3

the parties due to Plaintiffs' breach of contract and that the costs were increased due to Plaintiffs' request for changes and modifications. [RP 24-26] We also questioned whether Defendant had introduced a certificate of completion showing the degree of work performed before allegedly abandoning the project and whether he introduced some evidence of the fair market value of Plaintiffs' home and other documentary evidence such as appraisals, cost estimates, plans, a certificate of occupancy, photos, portions of Plaintiffs' depositions, and employee time records. [RP 26, 120-121] We instructed Plaintiffs to inform us whether any of these materials were introduced at trial by Defendant in support of his motion for directed verdict. *See Amrep Southwest, Inc. v. Town of Bernalillo,* 113 N.M. 19, 22, 821 P.2d 357, 360 (Ct. App. 1991) (stating that where the appellant does not set forth the relevant evidence in the docketing statement, a claim that the evidence does not support the judgment will be rejected).

In their memorandum in opposition, Plaintiffs have failed to provide this information and, despite our instructions, Plaintiffs have failed to provide us with a review of the evidence introduced at trial in support of the district court's decision. Moreover, in his memorandum in support, Defendant affirmatively states that he did cross-examine Plaintiffs' witnesses. [MIS 2] He also identifies forty documents that were admitted into evidence including, but not limited to: worksheets and supporting

documents of Defendant, itemization of payments made and received, photographs of Plaintiffs' house, worker time sheets, invoices submitted by various suppliers and invoices paid by Defendant, a certificate of occupancy, and two appraisals of the property at $410,000 and $450,000, respectively. [MIS 2-3] Although Defendant fails to inform us as to the exact substance of these various documents or the testimony he elicited in cross examination, Plaintiffs, as the appellants, are charged with the duty of providing a record adequate to review the issues on appeal and to set forth all of the evidence that supports the trial court's ruling. *See* Rule 12-208(D)(3); *Thornton,* 101 N.M. at 769, 688 P.2d at 1273. Plaintiffs have failed to do so and instead, in their memorandum in opposition, they only provide us with a review of the evidence and testimony introduced by them to support their claims. [MIO 3-8]

In light of Plaintiffs' continuing failure to fulfill their duty to provide the evidence and testimony relied upon by the district court in granting directed verdict, we assume there was evidence to support that court's judgment. *See Reeves v. Wimberly,* 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988) (stating that "[u]pon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered"). We affirm the district court's judgment in favor of Defendant on this basis.

5

**Notice**

In their docketing statement, Plaintiffs also claimed that the district court erred in entering a decree of foreclosure even though junior lienholders and mortgagees on the property had not received notice of the foreclosure. [DS 6] We proposed to affirm because, even though junior lienholders are entitled to notice before any sale of foreclosure, there is no requirement that they be notified before a decree of foreclosure is entered. *See* NMSA 1978, § 39-5-18 (2007) (addressing the redemption rights of a former owner or lienholders when real property is sold under judgment or a decree of foreclosure); *cf. Western Bank v. Fluid Assets Dev. Corp.*, 111 N.M. 458, 462, 806 P.2d 1048, 1052 (1991) (recognizing that junior lienholders are entitled to notice of a foreclosure sale). Plaintiffs have failed to respond to our proposed disposition of this issue. *See Taylor v. Van Winkle's IGA Farmer's Mkt.,* 1996-NMCA-111, ¶ 5, 122 N.M. 486, 927 P.2d 41 (recognizing that issues raised in a docketing statement, but not contested in a memorandum in opposition are abandoned); *cf. Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Therefore, for the reasons set forth in our notice of proposed summary disposition, we affirm on this issue.

**Witness exclusion**

Finally, we turn to Plaintiffs' contention in their docketing statement that the district court erred in excluding one of their witnesses who would have testified that Defendant willfully engaged in an unfair trade practice under the Unfair Practices Act, NMSA 1978, Sections 57-12-1 to -26 (1967, as amended through 2007) (UPA). [DS 7] We review the admission or exclusion of evidence for abuse of discretion. *See Coates v. Wal-Mart Stores, Inc.*, 1999-NMSC-013, ¶ 36, 127 N.M. 47, 976 P.2d 999.

In our notice, we proposed to affirm in part because we were of the opinion that the UPA would not apply to a contract involving the construction of a residence which "as a form of realty, cannot be 'goods'" and it "cannot constitute 'services.'" *McElhannon v. Ford*, 2003-NMCA-091, ¶¶ 16-17, 134 N.M. 124, 73 P.3d 827 (stating that the UPA does not apply to a transaction in which "goods and services are combined to create a structure that is permanently affixed to realty" because in such circumstances the goods and services "are understood to have been 'converted' to realty" (internal quotation marks and citation omitted)). In their memorandum in opposition, Plaintiffs do not reassert their contention regarding the alleged improper exclusion of testimony. However, they do contend that *McElhannon* only applies to contracts for the sale of a completed house and that this case involves the sale of the materials to build a home and the building services performed by Defendant as the contractor. [MIO 7]

Assuming without deciding that Plaintiffs are correct as to the meaning of *McElhannon*, we nonetheless affirm. In our notice, we observed that Plaintiffs failed to inform us of the district court's reasoning in refusing to allow the witness's testimony. We instructed Plaintiffs to inform us of the district court's reasoning for excluding the witness. Plaintiffs have failed to do so and, therefore, we can affirm on that basis alone. *See Reeves*, 107 N.M. at 236, 755 P.2d at 80. Moreover, as the district court apparently found that Defendant's evidence negated Plaintiffs' claims for breach of contract and fraudulent misrepresentation, the court could have properly excluded the witness's testimony regarding Plaintiffs' claim under the UPA as irrelevant because the court had already decided that Plaintiffs failed to establish any misrepresentation on the part of Defendant. *See* § 57-12-2(D) (requiring a showing that the defendant made a knowingly false statement in order for the plaintiff to prevail on a claim under the UPA); Rule 11-402 NMRA (stating that, "[e]vidence which is not relevant is not admissible").

For the reasons set forth above and discussed in our notice, we affirm.

**IT IS SO ORDERED.**

8

_____

**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____

**ROBERT E. ROBLES, Judge**

_____

**LINDA M. VANZI, Judge**