This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROGER KUHN,**

Plaintiff-Appellant,

v.                                                                 NO.  29,927

**PARADISE RIDGE HOMEOWNERS ASSOCIATION, INC.,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Roger Kuhn
Albuquerque, NM

Pro Se Appellant

Vance Chavez & Associates, LLC
Claud Eugene Vance
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Appellant Roger Kuhn (Plaintiff) appeals pro se from the district court's summary judgment ruling that Appellee Paradise Ridge Homeowners Association (the Association) has no duty to maintain the disputed area. The notice proposed to affirm, and Plaintiff filed a timely memorandum in opposition. We remain unpersuaded by Plaintiff's arguments, and therefore affirm.

Plaintiff continues to argue that the district court erred in granting summary judgment in favor of the Association. We review the district court's grant of summary judgment de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.*

At issue is Section 3.03 of the Declaration of Restrictions (Maintenance Clause), which provides **[RP 274]**:

> The exterior of all [l]ot walls abutting public right[-]of[-]way *and those portions of individual lots shown as open space or other public use easements on the Plat are Easement [a]reas*. The Association shall have the right and the obligation to maintain the appearance of the exterior of these Easement Areas. [emphasis added]

From Plaintiff's perspective, the undeveloped land at issue is an "open space" and "Easement Area" for which the Maintenance Clause provides that the Association

has a right and obligation to maintain. **[DS 5-6; MIO 3, 6]** However, given the Maintenance Clause's express reference to the Plat **[MIO 10]**, any consideration of the Association's obligation to maintain necessarily must be viewed in conjunction with, as opposed to exclusive of **[DS 3; MIO 11]**, the referenced Plat language. *See generally Cypress Gardens, Ltd. v. Platt*, 1998-NMCA-007, ¶ 11, 124 N.M. 472, 952 P.2d 467 (noting that when considering restrictions set forth in a subdivision's declaration, "[e]ffect is to be given to the intention of the parties as shown by the language of the whole instrument") (internal quotation marks and citation omitted). Although Plaintiff construes our citation to *Cypress Gardens, Ltd.*, as an implicit determination that the Maintenance Clause is ambiguous **[MIO 9]**, he is mistaken. Our citation to *Cypress Gardens, Ltd.* was simply an acknowledgment that because the Maintenance Clause incorporates by reference the Plat itself, the Plat is an integral part of what governs the obligations between the parties over the disputed area. *See Master Builders, Inc. v. Cabbell*, 95 N.M. 371, 373, 622 P.2d 276, 278 (Ct. App. 1980) (recognizing a general rule of contract construction allowing two documents to be properly construed together when one document refers to the other).

To this end, the Plat provides that the disputed land at issue is a private access and drainage easement that must be maintained by the benefitting lots. Specifically,

the Plat states: "Proposed *private access [and] drainage easement* (width varies), granted to lots 1-6, Block B [and] Lots 28-33, Block B by this Plat and *to be maintained by the benefitting Lots.*" **[RP 51-52, 278]** [emphasis added] Reading the Plat language in conjunction with the Maintenance Clause, the logical and unstrained **[DS 3; MIO 7]** reading of the Maintenance Clause is such that only the "exterior of all lot walls abutting *public* right-of-way" and those lots designated or shown **[MIO 4-5]** as "open space or other public use easements" *on the Plat* are subject to the Associations obligation to maintain.

Plaintiff argues that while the disputed land may not be "designated" as open space on the Plat, we should construe the use of the word "shown" in the Maintenance Clause as a more expansive word that would encompass the disputed land. **[MIO 4-8]** If the Plat were silent as to the responsibility for maintaining the disputed area, Plaintiff's argument would perhaps have more force. But because the Plat specifically refers to the disputed land to be a private access and drainage easement that must be maintained by the benefitting lots, rather than an open space or public easement **[MIO 7-8]**, we hold that the land is not subject to the Maintenance Clause. For this reason, we agree with the district court that the disputed portions of the lots are not "'open space or other public use easement' and, therefore, are not within the purview or

4

control of the Homeowner's Association as set forth in Restriction 3.03." **[RP 276]** *See Wilcox v. Timberon Protective Ass'n*, 111 N.M. 478, 483, 806 P.2d 1068, 1073 (Ct. App. 1990) (recognizing that "restrictive covenants must be considered reasonably, though strictly, so that illogical, unnatural or strained construction will not be effected") (internal quotation marks and citation omitted).

Plaintiff also suggests that unless the disputed land is considered open space, the provision in the Maintenance Clause that requires the Association to maintain "open space" would be rendered meaningless because there is no other area shown or designated as open space. **[MIO 8]** However, the record appears to only contain portions of the Plat to which the Maintenance Clause refers. **[RP 30-32]** For this reason, we will not presume that the rest of the Plat, which is not contained in the record, does not show or designate another area as open space. *See Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988) ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered.").

We also remain unpersuaded by Plaintiff's argument that the district court's ruling runs afoul of the Covenants' Section 1.05. **[DS 6; MIO 12]** We recognize that

5

Section 1.05 defines "Easement Area" as including certain "beneficial interests in real property . . . owned by . . . the Lot Owners but maintained by the Association for the common use and enjoyment of the Association members." **[DS 6; MIO 12]** However, significantly, this Section further provides that the "Easement Areas *to be maintained by the Association* shall be (i) the exterior of all walls or fences of the Lots which abut *public* right-of-way, [and] (ii) the Landscape Areas" (which are defined in Section 1.11 as a *public* right-of-way limited to the frontages of the subdivision). (Emphasis added.). **[RP 51-52]** Because the land at issue does not fall within either of these categories, the district court's ruling does not run afoul of either Section 1.05 or the Maintenance Clause.

We similarly disagree with Plaintiff's contention that the district court's ruling contravenes Restriction Section 5.02 and 5.04. **[MIO 3-4]** These sections recognize that the Association has the power and authority to provide for the maintenance of easement areas. But because the plat shows the disputed land as a private access and drainage easement that must be maintained by the benefitting lots, the Association is not responsible for its maintenance under these sections for the same reason the disputed land is not covered by the Maintenance Clause.

6

Lastly we note that running throughout Plaintiff's arguments is the assumption that the term "easement area" used within the Declarations is an all-encompassing term that includes all easements, public or private, within the Paradise Ridge subdivision. But as discussed above, the Declarations strictly define what is included within the term "easement area". And as the term is used in the Maintenance Clause and other provisions cited by Plaintiff, the district court correctly ruled that it does not include Plaintiff's private access and drainage easement.

**Conclusion.**

Based on the foregoing discussion, we affirm the district court's summary judgment ruling in favor of the Association.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**

7