This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **No. 34,179**

**KOLTER CLAYTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Jennifer E. Delaney, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Shaharazad E. McDowell, Assistant Attorney General
Deming, NM

for Appellee

Kolter J. Clayton
Deming, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

{1}     Defendant, in a self-represented capacity, appeals his conviction for the traffic offense of no seatbelt, *see* NMSA 1978, § 66-7-372 (2001), following a magistrate court conviction and de novo trial in district court. [CN 1; RP 29] Our notice proposed to affirm, and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

{2}     Defendant continues to challenge the sufficiency of the evidence to support his conviction. [DS 1; MIO 3] In his memorandum in opposition, Defendant continues to assert that the officer's testimony was not credible. In doing so, Defendant argues that the officer's testimony was "contradicted by his own physical and direct admission." [MIO 3] Defendant contends that even though the officer testified that he could see whether Defendant was wearing a seat belt "by observing the vertical line above [his] left shoulder," that statement was contradicted by the officer's other testimony that the traffic on the road did not enable the officer to later see Defendant put on his seat belt. [MIO 3]     Defendant's argument is premised on the central contention that the district court erred by believing the officer's version of the facts, which is a challenge to the credibility of witnesses and weight assigned by the fact-finder to the evidence presented.  However, as we explained in our calendar notice, the district court, as finder of fact, weighs the credibility of witnesses and resolves conflicts in evidence to reach factual determinations, and on appeal, this Court does not re-weigh the

2

evidence or draw our own conclusions about the credibility of witnesses. *See generally Chapman v. Varela*, 2009-NMSC-041, ¶ 5, 146 N.M. 680, 213 P.3d 1109 ("[T]he duty to weigh the credibility of witnesses and to resolve conflicts in the evidence lies with the trial court, not the appellate court." (internal quotation marks and citation omitted)). In other words, the district court determines what the facts are based on the evidence presented by the parties. In doing so, the district court was entitled to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (holding that the fact-finder is free to reject the defendant's version of events); *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (holding that "[t]he reviewing court does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict"), *abrogated on other grounds as recognized by Kersey v. Hatch*, 2010-NMSC-020, ¶ 17, 148 N.M. 381, 237 P.3d 683. Accordingly, Defendant's assertions do not change the result proposed in our calendar notice.

**{3}** Our notice also provided that the docketing statement did not provide this Court with sufficient facts to fully address this issue, and absent such information, we presume that the conviction was supported by the evidence. *See Reeves v. Wimberly*, 1988-NMCA-038, ¶ 21, 107 N.M. 231, 755 P.2d 75 (holding that "[u]pon a doubtful or deficient record, every presumption is indulged in favor of the correctness and

3

regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered"). [CN 3] In response, Defendant asserts that the proceedings below were recorded and suggests that this Court review the transcript of proceedings. [MIO 3] However, because this case has been placed on the summary calendar, it is not appropriate for a transcript of proceedings to be filed in this Court. *See* Rule 12-210(D)(1) NMRA (providing that if a case is placed on the summary calendar, "a transcript of proceedings shall not be filed"). In such instance, it is Defendant's obligation to provide this Court with an adequate summary of the facts. *See, e.g.*, Rule 12-208(D)(3) NMRA (providing that the docketing statement shall contain a summary of "all facts material to a consideration of the issues presented").

{4}     Accordingly, for the reasons detailed in our notice and discussed above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**

4

_____

**TIMOTHY L. GARCIA, Judge**