This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BENJAMIN BROOKS,**

Petitioner-Appellant,

v. **NO. 34,492**

**ROSA DIAZ BROOKS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. Lavelle, District Judge**

Benjamin Brooks
Los Lunas, NM

Pro Se Appellant

Amanda D. Navarro
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Benjamin Brooks (Petitioner) appeals an order of the district court entered following a hearing on a motion to show cause. Our calendar notice proposed to

affirm because Petitioner's docketing statement failed to provide sufficient information for us to intelligently review the district court's order. [CN 2] Petitioner has filed a memorandum in opposition to that proposed summary disposition along with a motion to amend his docketing statement. Having duly considered those documents, we now affirm.

{2} We note at the outset of this Opinion that Petitioner is not represented by counsel. Although New Mexico courts have a tradition of viewing the work of self-represented litigants with tolerance, such parties must, nonetheless, comply with the standards applicable to all other litigants, lest they be afforded preferential treatment by the courts. *See Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (holding that self-represented litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar"). Thus, we do our best to review the issues raised in any appeal, but can do so only to the extent that we can understand those issues. *Clayton v. Trotter*, 1990-NMCA-078, ¶¶ 16-17, 110 N.M. 369, 796 P.2d 262 (stating that the appellate court will review the arguments of self-represented litigants to the best of its ability, but cannot respond to unintelligible arguments); *Headley v. Morgan Mgmt. Corp.,* 2005-NMCA-045, ¶ 15,

2

137 N.M. 339, 110 P.3d 1076 (stating that an appellate court need not review an undeveloped argument).

{3}      Generally, parties who comply with the Rules of Appellate Procedure will provide this Court with everything it needs to do its job. Those rules require appellants to provide this Court with a statement of "all facts material to a consideration of the issues presented" on appeal as well as a statement of how the issues on appeal arose in the trial court and how they were preserved there.  Rule 12-208(D)(3)-(4) NMRA. These rules serve the common-sense purpose of allowing this Court to understand what happened below and determine whether anything done by the district court amounted to error that should be reversed on appeal. Thus, it is generally the duty of an appellant to provide enough information to allow this Court to review the error asserted. *Williams v. Bd. of County Comm'rs of San Juan Cnty.*, 1998-NMCA-090, ¶ 10, 125 N.M. 445, 963 P.2d 522. When an appellant fails to provide the information necessary for this Court to understand the proceedings below, "every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Reeves v. Wimberly,* 1988-NMCA-038, ¶ 21, 107 N.M. 231, 755 P.2d 75.

**{4}** In order for this Court to review any decision made by a trial court, it is generally necessary that we know what facts were before that court and what the parties were asking of that court. Further, because facts are generally established by way of evidence, an appellant should provide this Court with a description of all relevant evidence that was presented below. *See Thornton v. Gamble,* 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268 (stating that a docketing statement must set forth all material facts, including evidence that supports the trial court's ruling).

**{5}** We note, as an example, that although Petitioner asserts there was evidence before the district court regarding arrangements to pay a debt, there is nothing in the docketing statement or memorandum in opposition to suggest what that evidence might have been. [MIO 1] Perhaps there was testimony on that topic. Perhaps a document or some form of correspondence was offered as proof. Without knowing what evidence was offered, this Court would be in no position to assess the circumstances confronting the district court or determine whether any findings made by that court were supported.

**{6}** More importantly in this case, Petitioner makes no attempt to explain what issues were before the district court when it entered the order that he now appeals. Because Petitioner does not do so, we look to the record proper to see what can be

4

discerned there. We there find that the district court ordered Petitioner to show cause why he should not be held in contempt, in response to a motion filed by Respondent. [RP 136] Delving further into the record, we see that Respondent's motion asserted that Petitioner was failing to pay debts assumed as part of a marital settlement agreement, that Respondent was suffering damages as a result, and asked both for the settlement agreement to be enforced and for the court to award attorney fees. [RP 132-33]

{7} Having now placed the order on appeal into context, we see that the relief granted therein is generally in conformity with what was requested by Respondent: the district court ordered Petitioner to address the debts he assumed in the settlement agreement–giving him two options for how he could do so–and also awarded Respondent attorney fees, possibly as a sanction for Petitioner's conduct necessitating Respondent's show-cause motion. [RP 137]

{8} In his memorandum in opposition to our proposed summary disposition, Petitioner cites authority for the proposition that a judgment generally will not be set aside or vacated as the result of the parties' subsequent voluntary actions. [MIO 1-2] We find nothing in the record of this case, however, to suggest that any judgment has been set aside or vacated. To the contrary, the order that is the subject of this appeal does exactly the opposite by explicitly finding that the parties' settlement, as

embodied in a stipulated order, is enforceable and then proceeding to order both parties to take actions in conformity with that order. [RP 137] We find no error in connection with those provisions of the order.

{9} Petitioner also complains of the district court's award of attorney fees, both in connection with the show-cause motion and in connection with a bankruptcy proceeding initiated by Respondent. [DS 2] We note that Respondent's show-cause motion requested such fees, and Petitioner does not offer any reason to believe such a request was improper. In the absence of any suggestion to the contrary, we must presume that the attorney fees at issue in this appeal were awarded as a sanction, as the imposition of such sanctions is generally within the broad discretion of a trial court. *See Reeves,* 1988-NMCA-038, ¶ 21 (describing the presumption of correctness); *Gonzales v. Surgidev Corp.,* 1995-NMSC-047, ¶ 31, 120 N.M. 151, 899 P.2d 594 (discussing a trial court's discretion to impose sanctions). We find no error in the district court's award of attorney fees.

{10} Petitioner has also filed a motion to amend his docketing statement. This Court "may, upon good cause shown, allow for the amendment of the docketing statement." Rule 12-208(F). We will deny motions to amend, however, where the amendment seeks only to raise issues that are not viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *abrogated on other grounds*

6

*by rule as acknowledged in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. Petitioner's proposed amendment to his docketing statement, which is attached to the motion, seeks only to cite additional authorities regarding the vacation of judgments in response to post-judgment events. Similar authorities are cited in Petitioner's memorandum in opposition [MIO 1-2], and, as discussed above, this appeal does not involve a vacated judgment or order. Instead, the district court order on appeal merely enforces its prior stipulated order. As a result, the amendment that Petitioner seeks does not raise any new, viable issue, and we deny his motion to amend on that basis.

{11}    As pointed out in our notice of proposed summary disposition, an appellant bears the burden of establishing error below. *Farmers, Inc., v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063. Petitioner's docketing statement and memorandum in opposition do not establish any such error. We, therefore, affirm the order of the district court.

{12}    **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**

_____

**CYNTHIA A. FRY, Judge**

8