This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.** No. 35,295

**ALONZO RODRIGUEZ PEREZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, Contract Counsel for the
Law Office of the Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

{1}    Defendant Alonzo Perez appeals from his conviction by jury of aggravated assault on a peace officer, contrary to NMSA 1978, Section 30-22-22(A)(1) (1971), as set forth in the judgment and sentence, entered on November 5, 2015. [RP 180; *see also* DS 2] In our notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm Defendant's conviction.

**Issue 1: Exclusion of Testimony on Officer's Background**

{2}    In his memorandum in opposition, Defendant continues to argue that the district court erred in not allowing him to examine the background of Victim, the police officer, including the fact that Victim is no longer a police officer. [MIO 2] Specifically, Defendant contends that circumstances regarding Victim's employment and the actions he took subsequent to the incident with Defendant pertain to casting doubt on Victim's credibility regarding his alleged fear of Defendant, which is an essential element of aggravated assault. [MIO 2] However, as set forth in detail in this Court's notice of proposed disposition, the jury instructions do not require that Victim have fear of Defendant—only that, as pertinent to this discussion, Defendant's conduct caused Victim to believe Defendant was about to intrude on his bodily integrity or personal safety by touching or applying force to Victim in a rude, insolent or angry manner, and that Defendant's conduct threatened the safety of Victim. [CN

4–5; *see also* 2 RP 147] *See* § 30-22-22, UJI 14-2201 NMRA. These requirements do not require a showing of fear—rather, they only require evidence that Victim believed Defendant was about to intrude upon him and that Defendant's conduct threatened the safety of Victim. [2 RP 147] *See* § 30-22-22, UJI 14-2201. Thus, whether Victim was in fact afraid of Defendant is not relevant to the crime charged. Moreover, Defendant has not provided any evidence that indicates that Victim's termination from employment related to his fear or lack thereof of Defendant, and the example cited by Defendant is speculative and hypothetical in nature. [MIO 2–3] *See State v. Hanson*, 2015-NMCA-057, 348 P.3d 1070 ("The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)).

**{3}** As Defendant has made no other argument explaining how or why Victim's employment or lack thereof is relevant to Defendant's conviction of aggravated assault on a peace officer, he has failed to meet his burden of demonstrating error with regard to this issue. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that "[t]here is a presumption of correctness in the district court's rulings," and "it is [the d]efendant's burden on appeal to demonstrate any claimed error below" (alterations, internal quotation marks, and citation omitted)). We therefore conclude that the district court did not err in excluding this examination.

**Issue 2: Sufficiency of the Evidence**

**{4}** Defendant also continues to argue that there was insufficient evidence to convict him of aggravated assault on a peace officer. [MIO 3] Defendant raises no new arguments or facts that are not otherwise addressed by this Court's notice of proposed disposition, so we refer Defendant to our responses therein. [CN 3–8] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore conclude that there was sufficient evidence to uphold Defendant's conviction.

**Issue 3: Admission of Testimony Regarding Purported Uncharged Conduct**

**{5}** Finally, Defendant continues to argue that the district court erred in allowing testimony regarding purported uncharged conduct—specifically, what occurred in the bedroom after Defendant assaulted Victim. [*See* MIO 3–4] Defendant contends that the initial threshold for admissibility of prior uncharged conduct was not met. [MIO 3] "Admission of evidence is within the sound discretion of the trial court and the trial court's determination will not be disturbed in the absence of an abuse of that discretion." *State v. Aguayo*, 1992-NMCA-044, ¶ 17, 114 N.M. 124, 835 P.2d 840. "The initial threshold for admissibility of prior uncharged conduct is whether it is probative on any essential element of the charged crime." *State v. Gallegos*, 2007-

NMSC-007, ¶ 35, 141 N.M. 185, 152 P.3d 828 (internal quotation marks and citation omitted).

{6}    Defendant objected to testimony from Victim that, after Defendant's assault on Victim, he re-entered the bedroom and assaulted a woman. [MIO 4] Defendant contends that this "could only have been offered to show that [Defendant] was a violent person who was committing assaults on all present before he was shot." [MIO 4] Defendant thus argues that the State improperly used the testimony as character evidence and that the threshold inquiry was not met. [MIO 4] However, the conduct in fact shows Defendant's intentional actions, including his use of the knife, and explains why the knife would have been recovered in the bedroom rather than in the hallway. [*See* CN 5–6, 8; 2 RP 147–48] *See Aguayo*, 1992-NMCA-044, ¶ 21 (stating that "[t]here is no question that evidence of prior crimes, wrongs, or acts can be probative of intent and therefore specifically excepted under Rule 404(B)"). We additionally note that, in our notice of proposed disposition, we stated that Defendant failed to explain what arguments were made by the State regarding the testimony and why the district court overruled Defendant's objection. [CN 8] As Defendant has still failed to provide this Court with that information, "every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate

court will indulge in reasonable presumptions in support of the order entered." *Reeves v. Wimberly*, 1988-NMCA-038, ¶ 21, 107 N.M. 231, 755 P.2d 75.

{7}     Moreover, when weighed against the potential prejudicial effect of the testimony, *see Aguayo*, 1992-NMCA-044, ¶ 25 (stating that, "[e]ven if [the d]efendant's prior actions . . . were probative . . . the court must weigh the probative value against the potential for prejudice"), we cannot say the district court abused its discretion in allowing the testimony. Defendant contends that the prejudicial effect of the testimony was to show that Defendant was violent and has an assaulting character. [*See* MIO 4] However, the testimony of Defendant's actions prior to the assault on the woman in the bedroom was, in pertinent part, that Victim heard screaming in the back bedroom; when he approached the back bedroom and reached for the door, the door jerked open and Defendant came out of the bedroom holding a knife; Defendant lunged forward with the knife, and Victim then deployed his taser; another officer heard Victim state that Defendant had a weapon; after Defendant was hit by the taser, he fell back against the wall, then ran back into the bedroom; and a knife was recovered from the bedroom. [DS 3–5] Thus, the additional testimony that, after he was tased, Defendant ran back into the bedroom and assaulted a woman with the knife, does not show a propensity or violent character that was not otherwise evident

6

from the testimony otherwise provided to the jury. We therefore conclude that the district court did not err in allowing the testimony.

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's conviction.

**{9}** **IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**