This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**VANGIE ARELLANO,**

Plaintiff-Petitioner/Appellant,

v.                                                                 No. 35,274
                                                                        (Consolidated with
                                                                        No. 35,343)
**NEW MEXICO DEPARTMENT
OF HEALTH,**

Defendant-Respondent/Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellant

Brennan & Sullivan, P.A.
Frank D. Weissbarth
James P. Sullivan
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Plaintiff has appealed from an order denying her motion to set aside a decision by an administrative law judge (the ALJ). We previously issued a notice of proposed summary disposition in which we proposed to reverse. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore reverse and remand for further proceedings.

**{2}** The district court's denial of Plaintiff's motion was premised on its determination that two preceding orders represented final determinations; and, to the extent that Plaintiff had failed to appeal from those orders, further consideration of the merits was foreclosed. [RP 1055-56][1]Defendant contends that the district court correctly so concluded, [MIO 8] arguing that "all issues in the case had been finally decided long before." [MIO 9] To the extent that Plaintiff's motion was "in substance an untimely motion for reconsideration" from final judgments from which appeal was not taken,[MIO 8-9] Defendant argues that the motion was properly denied without consideration of the merits. We disagree.

**{3}** The first order, dismissing the State Personnel Board (SPB) as a party, was entered by a different judge in the Fourth Judicial District prior to consolidation of the underlying proceedings. It clearly and explicitly indicates that the dismissal was premised on *Montoya v. Dep't of Fin. & Admin.*, 1982-NMCA-051, 98 N.M. 408, 649

---

[1]Except where otherwise specifically noted, RP citations are to the record proper in D-101-CV-2011-03710.

2

P.2d 476. [RP for D-412-CV-2012-00238, p. 698] As such, the dismissal simply represented recognition that the SPB was not an indispensable party. *Id.* ¶¶ 18-28. Plaintiff was therefore under no obligation to appeal from that order to preserve her right to further pursue her claims. *See id.* ¶¶ 2-4, 28.

{4}     Defendant contends that the first order should be given broader significance than the reference to *Montoya* would suggest. Defendant argues that insofar as Plaintiff subsequently acknowledged that Count II was "directed against" the SPB, the preceding order dismissing the SPB should be regarded as dispositive of that count in its entirety. [MIO 9-10] However, the fact that Count II, which has to do with the SPB's failure to conduct timely proceedings, is directed against the SPB does not alter our analysis. As *Montoya* clearly reflects, in cases such as this where the SPB has acted in its quasi-judicial capacity, the SPB is not an indispensable party to a subsequent appeal from the SPB's decision, and the SPB's absence from such an appeal does not diminish an aggrieved party's ability to challenge the course or outcome of the underlying administrative proceedings. *Id.* ¶¶ 18, 28. Accordingly, the Fourth Judicial District Court's dismissal of the SPB from this case, at the SPB's request and in reliance upon *Montoya*, [RP for D-412-CV-2012-00238, p. 672-73, 698] cannot be regarded as a disposition of the underlying claim. Insofar as Plaintiff remained at liberty to pursue her arguments relative to Court II in the SPB's absence,

3

the district court's apparent refusal to consider the merits of those arguments was in error.

**{5}** The second order cannot be regarded as a final decision either. Although that order nominally affirmed the decision of the SPB, it was clearly interlocutory in nature, given that other claims remained pending. [RP 682-83, 686, 918-19] *See generally B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 1985-NMSC-084, ¶ 4, 103, N.M. 277, 705 P.2d 683 ("Absent certification by the trial court, the multiple claims are treated as a single judicial unit, and an adjudication of any less than all of the claims is not a final order."). As such, it was not a final determination to which res judicata or collateral estoppel effect could be given. *See State ex rel. Foy v. Austin Capital Mgmt., Ltd.*, 2015-NMSC-025, ¶ 21, 355 P.3d 1 (observing that the rules of res judicata are applicable only when a final judgment is rendered); *Reeves v. Wimberly*, 1988-NMCA-038, ¶ 6, 107 N.M. 231, 755 P.2d 75 ("Collateral estoppel works to bar the relitigation of ultimate facts or issues actually and necessarily decided in the prior suit by a valid and final judgment."); *and see generally Alba v. Hayden*, 2010-NMCA-037, ¶ 6, 148 N.M. 465, 237 P.3d 767 (observing that res judicata and collateral estoppel "only apply to successive litigation and not to issues or claims raised in the same proceeding"). Defendant's assertion to the contrary, [MIO 10] disregarding the pending claims, is unpersuasive.

**{6}** In our notice of proposed summary disposition we noted that the district court's reference to the law of the case might conceivably have supplied a basis for the denial of Plaintiff's motion. *See id.* ¶ 7 (describing law of the case, as a doctrine that relates to litigation of the same issue within the same suit, and by which a decision on an issue of law that is made at one stage of a case becomes binding precedent in successive stages of the same litigation). However, we expressed our reluctance to apply it here, given that the second order expressly provides that the alleged procedural irregularities "**do** constitute a waiver or default[.]" [RP 683 (emphasis added)] Defendant asserts that the word "not" was "inadvertently omitted" from that phrase. [MIO 5] To the extent that this is so, the error requires correction. We are unwilling to give the order a meaning or significance which is so completely at odds with the language actually employed. *Cf. State ex rel. King v. UU Bar Ranch Ltd. P'ship*, 2009-NMSC-010, ¶ 40, 145 N.M. 769, 205 P.3d 816 (observing that although we generally presume consistency, where the district court's determinations are plainly inconsistent, we are unable to arbitrarily choose among them).

**{7}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we conclude that the denial of Plaintiff's motion, on the grounds stated, was improper. We therefore reverse and remand for further proceedings.

**{8}** **IT IS SO ORDERED.**

 

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Judge**

_____

**M. MONICA ZAMORA, Judge**