This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **No. A-1-CA-34322**

**MANUEL S. SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Fernando R. Macias, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**Vigil, Judge.**

{1}     Manuel Sanchez (Defendant) appeals his convictions of conspiracy to traffic in cocaine and trafficking in cocaine. [2 MIO 2] On appeal, Defendant challenges the

sufficiency of the evidence to support his conviction and asserts error resulting from the admission of evidence related to uncharged prior conduct. [2 MIO 2, 4] This Court issued a calendar notice proposing to affirm Defendant's conviction and he has filed an amended memorandum in opposition to that proposed summary disposition. Having duly considered that amended memorandum, we are unpersuaded and now affirm.

{2}     With regard to Defendant's sufficiency challenge, we proposed to affirm based upon the evidence described in Defendant's docketing statement. [CN 4] In his amended memorandum in opposition to that proposed disposition, Defendant highlights the fact that only one witness testified to the facts supporting Defendant's trafficking conviction. [2 MIO 3] Nonetheless, as we pointed out in our calendar notice:

> Given that this Court lacks any opportunity to observe demeanor, however, we cannot weigh the credibility of live witnesses. *See Tallman v. ABF (Arkansas Best Freight)*, 1988-NMCA-091, ¶ 3, 108 N.M. 124, 767 P.2d 363, *holding modified on other grounds by Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, 131 N.M. 272, 34 P.3d 1148. Instead, it is "the sole responsibility of the trier of fact to weigh the testimony, determine the credibility of the witnesses, reconcile inconsistencies, and determine where the truth lies." *Tallman*, 1988-NMCA-091, ¶ 3.

[CN 4] Because it is the sole province of the jury to weigh the evidence presented at trial, we decline Defendant's invitation to second-guess the jury's findings in his case.

{3}     With regard to the potential admission of character evidence at Defendant's trial, our calendar notice pointed out that Defendant's docketing statement wholly failed to provide facts material to a consideration of that issue, such as the purpose for which the evidence was offered. [CN 6 (noting that, "[i]n sum, the docketing statement does not explain what happened when Defendant objected to the admission of the tape")] In his amended memorandum in opposition to our proposed summary disposition, Defendant does not elaborate upon what happened when he objected to the admission of a tape recording of his post-arrest admission of having "shared" his cocaine with his friends, except to inform us that:

> The judge ruled that the questions asked by the police placed it within the time period of the three charges; there was reference to the three incidents in the statement; it was an admission; and that it was more probative that prejudicial.

[2 MIO 4] It is not clear what "questions" from the police are involved in this ruling or whether there was any genuine issue regarding the time period covered by Defendant's post-arrest statements. But, most importantly, we still cannot discern the purpose for which the evidence was offered from Defendant's recitation of the facts. As a result, we are compelled to the same conclusion proposed in our calendar notice:

> Because we must indulge every presumption "in favor of the correctness and regularity of the trial court's decision," *Reeves* [*v. Wimberly*], 1988-NMCA-038, ¶ 21, [107 N.M. 231, 755 P.2d 75] we must presume, under these circumstances, that the State's currently-undisclosed response to Defendant's objection established some permissible use of

the tape recording pursuant to Rule 11-404(B)(1) [NMRA] or that the district court otherwise admitted that evidence for some non-prohibited purpose.

[CN 7-8]

{4} Defendant's amended memorandum in opposition also raises a new issue concerning the possibility that the district court should have excluded the taped statements because their probative value may have been substantially outweighed by a risk of undue prejudice. [2 MIO 5] In support of that contention, Defendant asserts that the relevant prejudice would arise from a jury's assumption that someone who had "shared" his cocaine with friends in the past would be likely to have "sold cocaine in this incident." [2 MIO 6]

{5} Even assuming that a jury is likely to draw the prejudicial conclusion that Defendant posits, in order to assess this claim of error, this Court would need to weigh that risk of prejudice against the evidence's probative value. Rule 11-403 NMRA. As already noted, however, Defendant's summary of the facts below, both in his docketing statement and in his amended memorandum in opposition, fails to disclose the purpose for which Defendant's statements regarding sharing cocaine were offered. Without knowing that purpose or having any other means to assess the probative value of Defendant's recorded statements, this Court is in no position to engage in the balancing required by Rule 11-403. Ultimately, regardless of whether the question is

framed in terms of Rule 11-403 or Rule 11-404, Defendant has failed to provide us with "all facts material to a consideration of" the issue he now seeks to raise. Rule 12-208(D)(3)-(4) NMRA.

{6}     Defendant's convictions are affirmed.

{7}     **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**JULIE J. VARGAS, Judge**